IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 05-35 Erie |
| | ) |
| BUWLUS ABDUL MUHAMMAD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On August 8, 2011, we entered an Opinion and Order denying Petitioner Buwlus Muhammad's multiple motions seeking post-sentence relief. ECF No. 187. On August 22, 2011, Mr. Muhammad filed a Notice of Appeal of the Opinion and Order to the United States Court of Appeals for the Third Circuit. ECF No. 191. On October 26, 2011, while the appeal was pending, Mr. Muhammad filed a motion in this court seeking post-sentence relief under 28 U.S.C. 2255 and Rule 60(b). ECF No. 194. We denied the motion on the alternative grounds that we were without jurisdiction to consider his motion to the extent the issues were on appeal to the Third Circuit Court, and because the motion was an uncertified second or successive motion. 18 U.S.C. § 2255(h). The Court of Appeals denied a certificate of appealability by Order dated December 20, 2011. ECF No. 197.

On December 21, 2012, Mr. Muhammad filed a Motion for Relief from Judgment (ECF No. 198) seeking relief from our Order denying Mr. Muhammad's "Motion for Leave to Amend 2255 Motion . . . under Fed. R. Civ. Proc., Rule 15(A)" (ECF No. 186). Specifically, Mr. Muhammad contends that this court lacked jurisdiction over the subject matter of his conduct; that is, over his criminal case, and thus the judgment is void and that the Opinion and Order was inconsistent with due process. Fed.R.Civ.P. 60(b)(1), (4) & (6). Mr. Muhammad asks that we void our judgment and reopen his section 2255 motion. On March 15, 2012, Mr. Muhammad filed a Motion

for a New Trial (ECF No. 199) claiming that he was mentally incompetent during the course of the proceedings before this court and thus the prosecution and conviction was committed by way of fraud.

Mr. Muhammad's motion for relief from judgment raises the same grounds he has raised before, both during and after his trial, which we have already denied. In any event, we find no grounds to justify Rule 60(B) relief on any issue. Accordingly we will deny this motion.

We will also deny Mr. Muhammad's motion for a new trial. Mr. Muhammad was determined to be incompetent to stand trial on July 12, 2006. Order, July 12, 2006 (ECF No. 56). This determination was made over Mr. Muhammad's strong objection. See Motion, July 11, 2006 (ECF No. 52) (MR. Muhammad's pro se motion claiming that he is competent); and Transcript of Competency Hearing, July 12, 2006 (ECF No. 155) (Mr. Muhammad testifies that he "is more than adequate to aid in his defense" at 13; that his filings show that he has "a good workable knowledge of the system and an understanding of the charges and the nature of [the crime] that's been filed against him" at 14; "I understand the importance of determining whether the defendant is competent, your Honor. But, your Honor, I am definitely competent" at 15.)

Following a period of restoration the medical center treating Mr. Muhammad filed a Certificate of Competency with the Court on December 28, 2006, indicating that Mr. Muhammad has been determined to have recovered and is competent to stand trial. ECF No. 63. We held a competency hearing after which we determined that Mr. Muhammad has been restored to competency. Order, March 12, 2007, ECF No. 70. Because Mr. Muhammad sought to represent himself we held a hearing to determine whether he was knowingly and voluntarily waiving his right to counsel. Order, May 15, 2007 (ECF No. 81). We necessarily determined that Mr. Muhammad was competent before we found that he knowingly and voluntarily waived his right to counsel. At all times, Mr. Muhammad actively and vigorously participated in his defense. Mr. Muhammad's claim now that he was mentally incompetent during this

time period is not credible in light of the Certificate of Competency and its accompanying Mental Health Evaluation, the competency hearings held by this court as well as the colloquy we conducted with Mr. Muhammad on his waiver of the right to counsel, and the court's own observations of Mr. Muhammad throughout the proceedings.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this 9th day of August, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Buwlus Muhammad's Motion for Relief from Judgment (ECF No. 198) and Motion for a New Trial (ECF No. 199) be and hereby are DENIED.

Maurice B. Cohill, Jr.
United States District Court Judge

cc: Buwlus Muhammad, pro se
No. GA-4761
SCI CRESSON
P.O. BOX A, Old Route 22
CRESSON, PA 16699