IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Cr. No. 05-35 Erie |
| BUWLUS ABDUL MUHAMMAD, | ) (Civ. No. 13-257 Erie) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

Presently before the Court is Petitioner Buwlus Muhammad's Motion to Vacate under 28 U.S.C. § 2255, or for Rule 60(b)(6) relief. ECF No. 206. Mr. Muhammad has filed numerous post-sentencing pleadings with the Court. In this most recent filing, Mr. Muhammad argues that one of his previously raised claims (that his sentence was unreasonable and illegal) has never been adjudicated on the merits, and therefore that it was error for this Court to dismiss the claim as procedurally defaulted. We will deny Mr. Muhammad's motion.

### I.

As background, on August 8, 2011, we entered an Opinion and Order denying Mr. Muhammad multiple motions seeking post-sentence relief. ECF No. 187. On August 22, 2011, Mr. Muhammad filed a Notice of Appeal of the Opinion and Order to the United States Court of Appeals for the Third Circuit. ECF No. 191. On October 26, 2011, while the appeal was pending, Mr. Muhammad filed a motion in this court seeking post-sentence relief under 28 U.S.C. 2255 and Rule 60(b). ECF No. 194. We denied the motion on the alternative grounds that we were without jurisdiction to consider his motion to the extent the issues were on appeal to the Third Circuit Court, and because the motion was an uncertified second or successive

motion. 18 U.S.C. § 2255(h). The Court of Appeals denied a certificate of appealability by Order dated December 20, 2011. ECF No. 197.

On December 21, 2012, Mr. Muhammad filed a Motion for Relief from Judgment (ECF No. 198) seeking relief from our Order denying Mr. Muhammad's "Motion for Leave to Amend 2255 Motion . . . under Fed. R. Civ. Proc., Rule 15(A)" (ECF No. 186). On March 15, 2012, Mr. Muhammad filed a Motion for a New Trial (ECF No. 199). We denied Mr. Muhammad's motion for relief from judgment because it raised the same grounds he had raised before, both during and after his trial, which we had already denied, and we also found no grounds to justify Rule 60(B) relief on any issue. ECF No. 200. We also denied Mr. Muhammad's motion for a new trial. ECF No. 200.

Mr. Muhammad appealed our Order, and on April 23, 2013, the United States Court of Appeals for the Third Circuit denied Mr. Muhammad's motion for a certificate of appealability and affirmed our Judgment. ECF No. 205.

## II.

As an initial matter, Mr. Muhammad's 2255 petition is an uncertified second or successive motion and is denied on that basis. 18 U.S.C. § 2255(h). In addition, we maintain that the issue of whether his sentence was unreasonable or illegal has been procedurally defaulted.

Mr. Muhammad correctly notes that the Court of Appeals did not specifically adjudicate this issue. However, the Court of Appeals did indicate that it was aware of all issues raised by Mr. Muhammad on appeal, but that it only chose to comment on three issues. Specifically, the Court of Appeals stated: "While Muhammad raises a large number of issues on appeal, we

believe only three require extended comment." ECF No. 171-1; United States v. Muhammad, 336 Fed.Appx. 188 (3d Cir. 2009).

The Court then listed in a footnote the issues Mr. Muhammad raised on appeal, one of which was "the term of imprisonment of 175 months was excessive." By affirming the Judgment and Sentence, the Court clearly felt that the issues that did not require "extended comment" had no merit. In any event, the procedural default doctrine also applies to issues that were not raised on direct appeal.

Finally, Mr. Muhammad is incorrect about his theory of why his sentence was unreasonable and illegal. He complains that the Court unlawfully increased his sentence beyond the maximum sentence in violation of the Constitution by relying on findings made by the Court rather than a jury. Mr. Muhammad faced a statutory maximum sentence of 5 years, or 60 months, at each of 5 counts. Accordingly, he faced a potential maximum statutory sentence of 300 months, if he received the maximum sentence at each count and each term of imprisonment was ordered to be served consecutively.

Mr. Muhammad's guideline sentence range was determined to be 120 to 150 months. We did determine that an upward departure from the *guideline range* was appropriate in this case. We ultimately sentenced Mr. Muhammad to a total term of imprisonment of 175 months, well below the statutory maximum of 300 months.

### III.

Mr. Muhammad's section 2255 motion will be denied, and a certificate of appealability will not be issued. An appropriate Order follows.

ORDER

AND NOW, to-wit, this 11th day of September, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's "Motion Pursuant Under Fed.R.C.P., Rule 60(B)(6), 2255 Motion Procedural Error" (ECF No. 198) be and hereby is DENIED.

We further find that jurists of reason would not find it debatable whether Petitioner states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

Maurice B. Cohill, Jr.
United States District Court Judge

cc: Buwlus Muhammad, pro se
No. GA-4761
SCI BENNER TOWNSHIP
301 Institution Drive
BELLEFONTE, PA 16823